**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>GUARDIAN PROTECTION GROUP LLC<br><br>Defendant. | Case No. |

# CLASS ACTION COMPLAINT

## Background

1. Stewart Abramson ("Plaintiff") brings this class action against Guardian Protection Group, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action under the TCPA alleging that Defendant advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **Parties**

6. Plaintiff Stewart Abramson is a resident in this District.

7. Defendant Guardian Protection Group LLC is a limited liability company headquartered in Saint Peters, St. Charles County, Missouri.

## **Jurisdiction & Venue**

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has specific personal jurisdiction over Defendant because it sent calls into this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## Factual Allegations

11. Defendant is a limited liability company that markets and sells vehicle service contracts and automobile warranties.

12. To generate business, Defendant placed illegal telemarketing calls using highly illegal prerecorded messages to Plaintiff and other individuals without receiving prior express consent.

13. Plaintiff has two cellular telephone numbers, (412) XXX-4233 and (412) XXX-4679.

14. Both are non-commercial telephone numbers not associated with any business.

15. Plaintiff's telephone numbers are used for personal purposes.

16. Plaintiff has never asked or requested to be a customer of Defendant.

17. Despite that, Plaintiff received at least two telemarketing calls from Defendant.

18. The first call was on January 6, 2026.

19. Defendant called Plaintiff's telephone number (412) XXX- 4233 from caller ID (412) 990-2932.

20. Plaintiff answered the call and heard an artificial female voice that stated the following:

> "It's Amanda with the Policy Review Department."

21. After speaking with this artificial voice, on the same call, Plaintiff spoke with representative Jeff Morton, a live person.

22. Mr. Morton stated his company was Defendant Guardian Protection.

23. Mr. Morton offered Plaintiff a prepaid automobile repair policy that would cost him $226.00 per month for eighteen months.

24. Mr. Morton provided Plaintiff with his call back number of (844) 770-8448, extension 7044.

25. Plaintiff subsequently received a charge of $226.00 on his credit card from "GPG" at 2070 Little Hills Expressway, Saint Charles, MO 63303 (844-369-3966).

26. Plaintiff subsequently received a pamphlet in the mail from Guardian Protection Group at PO Box 1358, Saint Peters, MO 63376 (844-770-8448) regarding policy number 35328009494.

27. On January 10, Defendant called Plaintiff again.

28. Plaintiff received the call on his (412) XXX-5679 telephone number from caller ID (412) 674-5571.

29. Plaintiff answered the call, and again heard an artificial female voice that stated the following:

> "It's Amanda with the Policy Review Department."

30. On the same call, Plaintiff then spoke with a live person named Nate Hennessy who informed Plaintiff he was from Guardian Protection Group.

31. Mr. Hennessy offered Plaintiff a prepaid automobile repair policy that would cost $265.00 per month for eighteen months.

32. Mr. Hennessy stated Plaintiff could call him at his company, Guardian Protection Group at (844) 770-8448.

33. Mr. Hennessy informed Plaintiff that Plaintiff had already purchased a policy from them on January 6, 2026 with the confirmation number 20032376.

34. During both calls, Plaintiff first interacted with an artificial voice.

35. The voice on both calls sounded robotic, and were substantially identical in tone, speech, content, inflection and wording.

36. Moreover, when contrasted with the live voices of humans Plaintiff subsequently spoke with on each call, the initial voice was clearly artificial.

37. The calls to Plaintiff were unwanted.

38. The calls were nonconsensual encounters.

39. Plaintiff's privacy was violated by the above-described telemarketing calls.

40. Plaintiff never provided his consent or requested the calls.

41. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

42. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

44. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

45. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendant's services (3) within the four years prior to the filing of the Complaint.

46. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

47. Excluded from the Class are counsel, Defendant, and any entities in which Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49. This Class Action Complaint seeks injunctive relief and money damages.

50. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

51. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

52. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

55. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

57. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

58. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

59. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

60. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

61. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

63. The Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

65. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*