**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| STEWART ABRAMSON,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION GROUP LLC,<br><br>Defendants. | Case No. 2:26-CV-00209 |

**DEFENDANT GUARDIAN PROTECTION GROUP LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Guardian Protection Group LLC ("GPG"), for itself and itself alone, hereby submits its Answer and Affirmative Defenses to Plaintiff Stewart Abramson's Class Action Complaint and alleges as follows:

**Background**

1.      GPG admits only that Plaintiff is attempting to assert a class action under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint state an opinion or legal conclusion to which no response is required. In further response, GPG states that the opinion quoted in Paragraph 2 speaks for itself. To the extent a response is required, GPG denies the allegations contained in Paragraph 2 of the Complaint and specifically denies that it has violated the TCPA in any way.

3.      GPG admits only that Plaintiff is attempting to assert claims under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the

1

TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.    The allegations contained in Paragraph 4 of the Complaint state an opinion or legal conclusion to which no response is required.  To the extent a response is required, GPG admits only that Plaintiff is attempting to assert a class action under the TCPA.  GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.    The allegations contained in Paragraph 5 of the Complaint state an opinion or legal conclusion to which no response is required.  To the extent a response is required, GPG denies all allegations contained in Paragraph 5 of the Complaint.

### Parties

6.    GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7.    GPG admits only that Defendant Guardian Protection Group LLC is a limited liability company headquartered in Saint Peters, St. Charles County, Missouri.  GPG denies all remaining allegations of Paragraph 7 of the Complaint.

### Jurisdiction & Venue

8.    The allegations contained in Paragraph 8 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 9 of the Complaint.

10.      The allegations contained in Paragraph 10 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 10 of the Complaint.

### Factual Allegations

11.      GPG admits only that it is a limited liability company that sells vehicle service contracts and automobile warranties.  GPG denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.      GPG denies all allegations contained in Paragraph 12 of the Complaint.

13.      GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14.      GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15.      GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16.      GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17.      The allegations contained in Paragraph 17 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 17 of the Complaint.

18. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. The allegations contained in Paragraph 20 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 21 of the Complaint.

22. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25. GPG is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

26. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Complaint and therefore denies the same.

27. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28.     GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29.     The allegations contained in Paragraph 29 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 29 of the Complaint.

30.     GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies the same.

31.     GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

32.     GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33.     GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.     The allegations contained in Paragraph 34 of the Complaint constitute conclusions of law to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 36 of the Complaint.

37.   GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies the same.

38.   GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies the same.

39.   The allegations contained in Paragraph 39 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 39 of the Complaint.

40.   The allegations contained in Paragraph 40 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 40 of the Complaint.

41.   GPG denies all allegations contained in Paragraph 41 of the Complaint.

42.   GPG denies all allegations contained in Paragraph 42 of the Complaint.

**Class Action Statement**

43.   GPG adopts and incorporates by reference its responses to Paragraphs 1 through 42 as if fully set forth herein.

44.   GPG admits only that Plaintiff is attempting to assert a class action under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 44 of the Complaint.

45.   GPG admits only that Plaintiff is attempting to assert a class action under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 46 of the Complaint.

47. GPG admits only that Plaintiff is attempting to assert a class action under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. GPG denies all allegations contained in Paragraph 48 of the Complaint.

49. GPG admits only that Plaintiff is attempting to assert a class action under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, denies that Plaintiff or any purported class member is entitled to injunctive relief or any money damages, and further denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. GPG denies all allegations contained in Paragraph 50 of the Complaint.

51. GPG admits only that Plaintiff is attempting to assert a class action under the TCPA. GPG denies that Plaintiff has asserted a class of litigants capable of certification as a class under the TCPA, denies that it has violated the TCPA in any way, and further denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. GPG denies all allegations contained in Paragraph 52 of the Complaint.

53. GPG denies all allegations contained in Paragraph 53 of the Complaint.

54. GPG denies all allegations contained in Paragraph 54 of the Complaint.

55. GPG denies all allegations contained in Paragraph 55 of the Complaint.

56. GPG denies all allegations contained in Paragraph 56 of the Complaint.

57. The allegations contained in Paragraph 57 of the Complaint state an opinion or legal conclusion to which no answer is required, but to the extent an answer is required, GPG denies all allegations contained in Paragraph 57 of the Complaint.

58. GPG denies all allegations contained in Paragraph 58 of the Complaint.

59. GPG denies all allegations contained in Paragraph 59 of the Complaint.

60. GPG is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies the same.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

61. GPG adopts and incorporates by reference its responses to Paragraphs 1 through 60 as if fully set forth herein.

62. GPG denies all allegations contained in Paragraph 62 of the Complaint.

63. GPG denies all allegations contained in Paragraph 63 of the Complaint.

64. GPG denies all allegations contained in Paragraph 64 of the Complaint.

65. GPG denies all allegations contained in Paragraph 65 of the Complaint.

66. GPG denies all allegations contained within the Prayer for Relief section set forth in the Complaint.

67. Any allegations not specifically admitted herein are both specifically and generally denied.

## AFFIRMATIVE DEFENSES

1. In further answer to the allegations contained in the Complaint, and pursuant to Fed. R. Civ. P. 8(c), GPG asserts the following affirmative defenses to the Complaint, undertaking

the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are stated herein.

## FIRST AFFIRMATIVE DEFENSE

### (First Amendment Violation)

2.     The Telephone Consumer Protection Act (the "TCPA"), codified at 47 U.S.C. § 227, upon which Plaintiff's claims rely, and its implementing regulations violate the First Amendment of the United States Constitution, as applied.

3.     The TCPA is both over inclusive and under inclusive because it has a chilling effect on protected speech while not adequately solving the purported problem Congress sought to address.  The TCPA also is more extensive than necessary because there are other ways of addressing unwanted telephone calls that would restrict much less speech.  The TCPA further does not serve a "substantial" government interest, and the TCPA does not directly and materially advance that interest.

## SECOND AFFIRMATIVE DEFENSE

### (Void for Vagueness)

4.     The TCPA violates the Fifth and Fourteenth Amendments to the United States Constitution under the void-for-vagueness doctrine.

5.     Provisions of the TCPA and regulations promulgated thereunder - such as the definition of "Prior Express Written Consent" and "artificial voice" - are ambiguous, permit selective enforcement, and fail to give persons adequate warning of the conduct the TCPA proscribes.

## THIRD AFFIRMATIVE DEFENSE

### (Due Process Violation)

6.     The TCPA and its implementing regulations violate the Due Process Clauses of the Fifth and Fourteenth Amendment of the United States Constitution.

7.     The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

8.     These statutory damages provisions are grossly disproportionate because Plaintiff did not suffer any actual harm.

FOURTH AFFIRMATIVE DEFENSE

(Excessive Fines)

9.     For the reasons stated in Paragraphs 7 and 8 of GPG's Affirmative Defenses, the TCPA and its implementing regulations violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

FIFTH AFFIRMATIVE DEFENSE

(Prior Business Relationship)

10.     Any claim alleged in the Complaint is barred to the extent Plaintiff had a prior established business relationship with GPG or solicited information from GPG.

SIXTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

11.     Plaintiff's claim for equitable relief, including its claim for injunctive relief, is barred because Plaintiff has an adequate remedy at law.

SEVENTH AFFIRMATIVE DEFENSE

(Invitation/Implied Consent/Consent)

12.     Any claim alleged in the Complaint is barred to the extent Plaintiff or anyone who had access to Plaintiff's cellular telephone invited and consented to the receipt of the alleged

10

telephone call(s) at issue, or impliedly consented to the use of Plaintiff's telephone number for the receipt of the calls at issue herein and/or expressly consented to the receipt of such telephone calls.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.    Any claim alleged in the Complaint is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

14.    Any claim in the Complaint is barred by the doctrines of waiver and estoppel based on Plaintiff's conduct.

## TENTH AFFIRMATIVE DEFENSE

### (No Personal Jurisdiction)

15.    The Court does not have personal jurisdiction over Defendant GPG.  The non-Pennsylvania resident asserted class members' claims are barred, in whole or in part, because the Court lacks personal jurisdiction over GPG with respect to such claims.

* * *

All allegations of Plaintiff's Complaint not herein specifically admitted are denied. Plaintiff's claims in the Complaint may be barred or reduced by any affirmative defense that may become available through the course of discovery.  Defendant GPG reserves the right to plead additional affirmative defenses upon the completion of discovery.

WHEREFORE, Defendant Guardian Protection Group LLC respectfully requests that the Court dismiss Plaintiff's Complaint against it with prejudice, that the Court award Defendant GPG its costs and attorneys' fees, and all other appropriate relief to which they are entitled.

Dated:  April 3, 2026

Respectfully submitted,

UB GREENSFELDER LLP

By:  _/s/ Frederick M. Erny_
     Frederick M. Erny (52007)
     312 Walnut Street, Suite 1400
     Cincinnati, OH 45202-4029
     Tel. (513) 698-5144
     Fax (513) 698-5145
     ferny@ubglaw.com

     UB GREENSFELDER LLP
     Mary Ann L. Wymore (*pro hac vice motion to be filed*)
     10 South Broadway, Suite 2000
     Saint Louis, MO 63102-1747
     Tel. (314) 345-5400
     Fax (314) 241-8624
     mwymore@ubglaw.com

*Attorneys for Defendant Guardian Protection Group LLC*

12

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of April, 2026, the foregoing pleading was filed electronically by operation of the Court's electronic filing system and thereby served on all counsel of record.

/s/ Frederick M. Erny