**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff<br><br>vs.<br><br>GUARDIAN PROTECTION GROUP LLC<br><br>       Defendant. | Case No. 2:26-cv-209-NR |

## <u>FED. R. CIV. P. 26(f) REPORT OF THE PARTIES</u>

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report:

1.     **<u>Subjects of Fact Discovery:</u>**

Fact discovery will include, inter alia, Defendant's telemarketing practices and policies, including whether it uses artificial or prerecorded voice technology, the dialing systems and equipment used to place calls, whether Plaintiff and putative class members consented to or invited calls, Plaintiff's telecommunications activity, and whether Plaintiff or putative class members wanted to receive calls such as those alleged in this civil action. Fact discovery will also include any call logs, dialer records or information sufficient to identify the individuals or entities involved in placing or receiving the alleged calls at issue. Additionally, fact discovery will address whether Plaintiff has incurred any damages as a result of the calls that are the subject of this case, whether a class action is appropriate for this case.

2.     **<u>Subjects of Expert Discovery:</u>**

Expert discovery may include opinions regarding the nature and operation of any artificial or prerecorded voice technology used, technology pertinent to the communications devices of Plaintiff and putative class members, issues relating to whether a class should be certified, including numerosity, class identification, commonality, and predominance. Expert discovery may also include a statutory damages explanation on a class-wide basis and opinions regarding industry standards and compliance practices.

3. **Can fact and expert discovery occur at the same time? Why/why not?**

The parties request that fact and expert discovery unrelated to class certification issues not occur at the same time.. This approach will promote efficiency and allow the parties' experts to rely on a complete factual record when forming their non- class certification opinions, which will largely depend on calling and related data produced in discovery.

4. **Pre-Trial Deadlines**

Initial Disclosures: June 1, 2026

Joinder/Amendment of Pleadings: July 15, 2026

Close of Fact Discovery: December 15, 2026

Opening (Proponent) Expert Reports: January 29, 2027

Rebuttal Expert Reports: March 15, 2027

Dispositive Motions Deadline: April 30, 2027

The Plaintiff requests an April 30, 2027 class certification date.

The Defendant requests an October 2, 2026 class certification date.

5. **Do the parties want a Rule 502 non-waiver order?**

The parties agree that a Rule 502 non-waiver order is appropriate and anticipate including that in their proposed Protective Order.

4918-0773-6999, v. 1

6.     **<u>Are there any ESI issues to address? If yes, please explain:</u>**

The parties anticipate that this case will involve electronically stored information, including call records, dialer data, and electronically maintained business records. The parties agree that an ESI Order is appropriate to address the scope and format of production, search methodologies, preservation obligations, and the handling of privileged material.  The parties will endeavor to submit a stipulated ESI Order for the Court's consideration.

7.     **<u>Protective Order – Yes or No? If yes, please explain:</u>**

The parties agree that a Protective Order is appropriate. The parties anticipate that discovery will involve confidential and proprietary business information, including internal policies, calling data and commercially sensitive materials, which should be protected from public disclosure.  The parties will endeavor to submit a stipulated Protective Order for the Court's consideration.

Dated: May 1, 2026

                              Plaintiff,
By Counsel,

By: *<u>/s/ Anthony I. Paronich</u>*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801

4918-0773-6999, v. 1

Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*

Dated: May 1, 2026

<u>Defendant,</u>
By Counsel

By:  */s/ Mary Ann L. Wymore*
Mary Ann Wymore (*Pro Hac Vice*)
UB GREENSFELDER LLP
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Phone: (314) 345-4500
Fax: (314) 241-8624

Frederick M. Erny (52007)
UB GREENSFELDER LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202-4029
Tel. (513) 698-5144
Fax (513) 698-5145
ferny@ubglaw.com

*Counsel for Defendant Guardian Protection Group LLC*

4