IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON,      )
*individually and on behalf of a class*  )
*of all persons and entities similarly*  )   2:26-CV-209
*situated,*         )
         )
         )
      Plaintiff,    )
         )
     v.        )
         )
GUARDIAN PROTECTION GROUP  )
LLC,         )
         )
      Defendant.   )

## CASE MANAGEMENT ORDER

The Court held a telephonic initial case management conference on May 28, 2026, and based on the discussion at that conference, issues the following schedule:

### Mandatory Alternative Dispute Resolution

1. The Court appoints Bradley Winters as mediator. The mediation session shall be completed by no later than **July 10, 2026**.

### Discovery Schedule

2. Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure will be made by **June 8, 2026**. These disclosures should include the production of all documents referenced in each party's disclosures, as reasonably practicable. The parties are reminded to supplement their disclosures with due diligence.

3. All fact discovery (merits and class-related) shall be completed by **December 15, 2026**. Given the length of the discovery period, the Court is unlikely to extend the deadline for fact discovery. The parties therefore shall treat this deadline as the final deadline, and should not expect it to be continued. If any discovery

remains outstanding by the deadline, then the requesting party will have been deemed to have forfeited the right to that discovery, and subsequent case deadlines will not be delayed due to outstanding discovery.

4.      Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

(a)     The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

(b)     Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

(c)     If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a).  Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

5.      The parties shall file a joint motion for entry of protective order by **June 4, 2026**.

6.      The parties shall meet and confer regarding all discovery disputes.  If a dispute is not resolved, then instead of filing a discovery motion, the parties shall contact Chambers.  The Court will then either set up a conference or order the parties

- 2 -

to e-mail a brief summary of the nature of the dispute, so that the Court can attempt to resolve the dispute without the need for motions practice. If a dispute remains unresolved at that point, the Court will issue a briefing schedule to decide the discovery dispute. In connection with those briefs, each interested party shall submit a carefully crafted proposed order along with its brief, which should include in it the precise relief requested and the amount of any attorneys' fees and costs to be awarded. If appropriate, the Court will decide the dispute by executing one of the party's proposed orders.

### Motions to Amend or Add New Parties

7. Any consented-to amended pleadings or joinder of parties shall be filed no later than **July 15, 2026**. Lacking consent, any motion to amend pleadings or join parties shall be filed no later than **July 15, 2026**.

### Discovery Status Update

8. On or before **November 17, 2026**, the parties shall file a joint status report, updating the Court on the status of discovery, identifying: (i) the discovery completed to date; (ii) the discovery that remains; and (iii) the existence of any discovery disputes.

### Post-Discovery Status Conference

9. Upon the completion of all fact discovery (merits and class-related), the Court shall hold a telephonic post-discovery status conference on **December 17 at 10:00 a.m.** The dial-in information is as follows: 412-547-0144, with an access code of 795858010#. The parties should be prepared at that conference to discuss the scheduling of expert discovery, class certification briefing, and summary judgment briefing (if any).

- 4 -

DATED this 28th day of May, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge