**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on behalf
of all others similarly situated,

     Plaintiff,

v.

GUARDIAN PROTECTION GROUP, LLC,

     Defendant.

Case No. 2:26-CV-00209

## STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Stewart Abramson and Defendant Guardian Protection Services, LLC, have moved the Court to enter a protective order regarding confidential information that may be produced, exchanged or obtained in this case. The Court has determined there is good cause for entry of a protective order, and the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope**. All materials that may be disclosed, produced, exchanged, or submitted in connection with the above-captioned civil action (the "Action") and/or produced or adduced in the course of discovery including, without limitation, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order regarding confidential information as defined below. This Order is subject to the Local Rules of this Circuit and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information and Highly Confidential Information**.

(a)    As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by a party that falls within one or more of the following categories: (a) information prohibited from disclosure by contract, statute, regulation or constitutional provision; (b) patents, proprietary processes, product pricing, trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) customer or client information; (e) personally identifying information of an individual, (e) consumer credit reports; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of an individual.  No information shall be designated as "CONFIDENTIAL" or shall be subject to this Order or any other obligation respecting subsequent use or dissemination of information if: (a) the receiving Party already is in rightful possession of the information, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; (b) the receiving Party receives such information at a later date from a source other than the designating Party that is in rightful possession of the information, but only if such source can show by written documentation that the information independently came into its rightful possession; or (c) if the information at any time is or was made public through no wrongful act of a Party or third party.

(b)    As used in this Order, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to highly sensitive trade secrets or other confidential information, as defined above, that, if improperly disclosed to another party or third party could cause significant business or financial harm to the Producing Party. The "HIGHLY

2

CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation shall include the following confidential information that constitutes or contains: (a) technical documents and product specifications that are not publicly available; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), provided that disclosure under this Protective Order complies with all terms of such NDA; (c) non-public financial information, including information identifying the number of products or units sold, the total dollar value of products or units sold, or the revenues, costs, or profit margins for products or units sold, both forecasted and actual; (d) information or data relating to future products not yet commercially released and/or strategic plans, the disclosure of which would materially harm the Producing Party's competitive position; (e) sensitive commercial agreements, including licensing agreements, settlement agreements, or settlement communications, the disclosure of which is likely to impair business relationships or confer a competitive advantage to the Receiving Party; (f) customer lists and information that reveals a customer's identity; (g) trade secrets, as defined under applicable law, that are not adequately protected under the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation and whose exposure would present an identifiable risk of misuse or competitive harm; (h) information related to unpublished patent applications; and (i) internal business communications regarding any other category of information protected as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this order. In determining whether information should be designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," each party agrees to use such

4909-2944-1202, v. 1

designation only in good faith and only where disclosure to the Receiving Party would likely result in a clearly defined and serious competitive injury

3.      **Designation**.

(a)      A document produced by a party to this action may be designated as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential Information.  The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed.  Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)      A document produced by a non-party to this action ("Non-party Information") may be designated by the non-party as Confidential Information or Highly Confidential Information by following the procedure set forth in Paragraph 3(a) hereinabove.  A party may designate Non-party Information as Confidential Information or Highly Confidential Information by sending written notice designating any such Non-

4909-2944-1202, v. 1

party Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within 14 days of receipt of such Non-party Information.

(c)    The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney, party and third party that the document contains Confidential Information as defined in this Order.

4.    **Depositions**.  Deposition testimony and/or exhibits are protected by this Order only if a party: (1) designates such testimony or exhibit(s) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken; or (2) sends written notice designating such testimony or exhibit(s) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within 14 days of receipt of the transcript of the testimony in the manner specified below.  Deposition testimony so designated on the record of the deposition shall be treated as Confidential Information or Highly Confidential Information protected by this Order until 14 days after delivery of the transcript by the court reporter to any party or the witness.  Within 14 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information and/or Highly Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.

5.    **Protection of Confidential Information and Highly Confidential Information.**

(a)    General Protections.  Confidential Information and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information or Highly Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10) below.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information or Highly Confidential Information:

(1)     Counsel.  Counsel for the parties, including in-house counsel, and employees of counsel who have responsibility for the action;

(2)     Parties.  Information and Materials designated as "CONFIDENTIAL INFORMATION" may be disclosed to individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.  **Information and Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to Parties**.

(3)     The Court and its personnel;

(4)     Court Reporters and recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored information, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)     Consultants and experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial

6

of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)    Witnesses at depositions.  Disclosure of Information and Materials designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to witnesses in this action to whom disclosure is allowed and only to the extent allowed under this Protective Order during their depositions when disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Witnesses shall not retain a copy of documents containing Confidential Information or Highly Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)    Author or recipient.  The author or recipient of the document (not including a person who received the document in the course of litigation);

(9)    Mediators.  Mediators engaged by the Parties for the purpose of alternative dispute resolution; and

(10)    Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7

(c)     Control of Documents.   Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and/or Highly Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document.  If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of a document during a time when that document has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the document is subsequently designated Confidential Information or Highly Confidential Information.

7.      **Inadvertent Production**.   Inadvertent or mistaken production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of the discovery of the inadvertent or mistaken disclosure.  Upon receipt of such written notice, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information; and must take reasonable steps to retrieve the information if the party disclosed it before being notified.

4909-2944-1202, v. 1

8.      **Filing of Confidential Information and Highly Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in connection with a motion, brief or other submission to the Court must first file a motion for leave to file the document under seal.  The party filing the document must also provide notice at the time of the filing to any non-party who produced the Confidential Information or Highly Confidential Information.

9.      **Challenges by a Party to a Confidentiality Designation**.  The designation of any document as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)      A party or any other person objecting to the designation of Confidential Information or Highly Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection.  Within fourteen days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections.  If such conference does not resolve the objection, then the designating person may apply to the Court, by motion, for a ruling that material designated by a party as confidential or highly confidential shall be treated as confidential or highly confidential.  The designating party shall have the burden of demonstrating the propriety of that designation.  Pending determination by the Court, material designated by a party as confidential or highly confidential shall be treated as provided in this Order.  Failure of the designation party to

9

apply for a ruling within thirty days of such conference waives its right to confidentiality for such documents unless this time is extended by mutual consent of the parties.

(b) Any document or Confidential Information from which the producing Party has removed the designation following review pursuant to subpart (a) of this Section or from which the Court has removed the designation pursuant to subpart (b) of this Section, shall not thereafter be subject to this Order or any of its requirements, unless it should thereafter be determined by the Court that the basis for the redesignation was the result of mistake, or wrongful conduct by the challenging Party or a third party.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Information or Highly Confidential Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention prior to or at the hearing. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** In the event a party or counsel for a party receives a subpoena issued in another lawsuit demanding production of Confidential Information or Highly

10

Confidential Information produced in this action, the party receiving such subpoena must notify the designating party or its counsel of record herein, in writing, promptly via email, facsimile or overnight delivery service so as to afford the designating party adequate time and opportunity to try to protect its Confidential Information and/or Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information and/or Highly Confidential Information of the designating party in this case.

13. **Obligations on Conclusion of Litigation.**

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within 60 days after dismissal or entry of final judgment not subject to further appeal, and upon written request of the disclosing party, all Confidential Information and Highly Confidential Information, and documents marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, including copies, shall be returned to the producing party unless (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations,

11

summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)    Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

14.    **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on application of a party or any other person with standing concerning the subject matter.  The parties may reach an agreement to modify the times or dates set forth in this Order without the consent of the Court.

15.    **Persons Bound**.  This Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

ENTERED: _____          _____
                                  The Honorable J. Nicholas Ranjan
                                  United States District Judge

12

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on behalf
of all others similarly situated,

     Plaintiff,

v.

GUARDIAN PROTECTION GROUP, LLC,

     Defendant.

Case No. 2:26-CV-00209

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, hereby acknowledge that I have read the Confidentiality Order dated _____ in the above-captioned action and attached hereto.

1.    I understand the terms of the Protective Order Regarding Confidentiality and agree to be bound by its terms.

2.    I hereby submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania in matters relating to the Protective Order Regarding Confidential Information.

3.    I understand, in particular, that any Confidential Information, and any copies, excerpts or summaries thereof and materials containing Confidential Information or Highly Confidential Information or derived from Confidential Information or Highly Confidential Information, may be used only for the purposes of the above-captioned litigation, and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

2

4.      I agree that I will not disclose any Confidential Information or Highly Confidential Information to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Protective Order and that I will maintain the appropriate security as to the Confidential Information and/or Highly Confidential Information made available to me.

5.      I further agree that, upon termination of this action, or sooner if so requested, I will return to counsel all Confidential Information and Highly Confidential Information provided to me, including copies and excepts thereof.

6.      I understand and acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Name:    _____

Job Title:    _____

Employer:    _____

Business Address:    _____

_____

_____

Date: _____    _____
                                        Signature

2

4909-2944-1202, v. 1